IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BURL WASHINGTON, # 34193-044, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-1249-MJR |
| ) | |
| MRS. B. AUTERSON, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in McCreary United States Penitentiary in Pine Knot, Kentucky, brings this action for alleged violations of his constitutional rights by a person acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff's claim arose while he was incarcerated at FCI-Greenville, Illinois ("Greenville"). He alleges that Defendant Auterson violated his procedural due process rights and retaliated against him by wrongly finding him guilty of a disciplinary offense (Doc. 1, pp. 5-6). His punishment included the loss of 14 days good time credits. He seeks restoration of the lost good time and compensatory damages (Doc. 1, p. 7).

As a preliminary matter, the Court shall address the matter of Plaintiff's unpaid filing fee. Through a letter dated December 10, 2012 (Doc. 2), the Clerk of Court informed Plaintiff that he was required to either pay the filing fee ($350 for a civil rights case or $5.00 for a habeas corpus petition) or file a motion for leave to proceed in forma pauperis ("IFP") within 30 days. Plaintiff made a payment of $5.00, received on December 21, 2012 (Doc. 3). However, this $5.00 payment does not satisfy Plaintiff's filing fee obligation, because he filed this case as a

civil rights action. He therefore owes the balance of $345 to the Court. Notably, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

Plaintiff has not filed a motion for leave to proceed IFP[1] with regards to the remaining $345 balance due. However, if he were to do so, the fee could not be deferred. Under 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this [IFP] section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Review of the electronic docket of the Federal District Court for the Eastern District of Missouri[2] discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity, that have been dismissed pursuant to 28 U.S.C. § 1915(e)(2) for being frivolous, malicious, or for failure to state a claim upon which relief may be granted: *Washington v. State of Missouri*, Case No. 07-cv-1370 (dismissed

---

[1] A federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). If the Court grants a motion to proceed IFP, the prisoner is assessed an initial partial filing fee, and is then required to make monthly payments of 20% of the preceding month's income credited to the prisoner's trust fund account, until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2).

[2] The Court has consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) to verify Plaintiff's strikes. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

Aug. 15, 2007); *Washington v. White*, Case No. 08-cv-28 (dismissed Jan. 29, 2008); and *Washington v. Stacy*, Case No. 07-cv-1523 (dismissed Feb. 3, 2009). In the instant complaint, Plaintiff disclosed two of the above actions, but failed to include the case that resulted in his first strike, *Washington v. State of Missouri*, Case No. 07-cv-1370 (Doc. 1, pp. 2-3). This omission alone is grounds for dismissal of the case. *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal).

Because Plaintiff has three "strikes" for purposes of § 1915(g), he may not proceed IFP in a civil rights case unless he is under imminent danger of serious physical injury. The instant complaint is devoid of any allegations that might indicate such imminent danger. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner). Indeed, Plaintiff is no longer confined at Greenville, where the alleged unconstitutional actions took place. Therefore, if Plaintiff wishes to proceed with this civil rights action, he must prepay the filing fee in its entirety. Plaintiff should note that the Court has not yet conducted the required preliminary review of the merits of his claim pursuant to 28 U.S.C. § 1915A.

Plaintiff should also take notice that the non-monetary relief he seeks cannot be granted in a civil rights action, even if he is able to show that he was wrongly subjected to a disciplinary sanction. Under 18 U.S.C. § 4161, a federal prisoner has the right to have his sentence reduced for good conduct in prison. This right is a protected liberty interest, and any deprivation must comport with due process requirements. *Waletski v. Keohane*, 13 F.3d 1079, 1080-81 (7th Cir. 1994). A petition for a writ of habeas corpus is the proper route "[i]f the

prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom [including an earlier release from custody], or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). A habeas action pursuant to 28 U.S.C. § 2241 is available to raise due process claims based on the forfeiture of good time credits. *Waletski*, 13 F.3d at 1080-81. If Plaintiff wishes to pursue the restoration of his good conduct time, he must do so through a properly filed petition for habeas corpus.

**IT IS HEREBY ORDERED** that Plaintiff shall pay the remaining filing fee of $345.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before January 30, 2013). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: January 9, 2013**

s/ MICHAEL J. REAGAN
United States District Judge