IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BURL WASHINGTON, # 34193-044,   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | |
| vs.   ) | Case No. 12-cv-1249-MJR |
| ) | |
| MRS. B. AUTERSON,   ) | |
| ) | |
| **Defendant.**   ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff's "Motion Correcting Error: Amending Civil Rights Complaint to Habeas Corpus Petition, Amending Relief Sought, Clarifying Intent of 12-cv-1249-MJR" (Doc. 5).  This motion was filed on January 22, 2013, in response to this Court's order (Doc. 4) directing Plaintiff to pay the remaining balance of the civil filing fee for this case ($345.00) by January 30, 2013, or face dismissal.  Plaintiff had previously made a payment of $5.00 (Doc. 3).

In his motion, Plaintiff asserts that he intended to file the instant matter as a habeas corpus petition "for restoration of loss [sic] good time credits only" (Doc. 5).  He claims that he mistakenly used this district's form for a civil rights case.  He seeks to amend the relief sought in this case, limiting it to restoration of his 14 days lost good time, and dropping his claim for damages.  Plaintiff's motion (Doc. 5) is **DENIED**, for the reasons to follow.

First, Plaintiff's claim that he intended all along to file the instant action as a habeas petition is belied by his statements in the complaint.  To open his statement of claim, Plaintiff writes:

> Defendants are charged in their individual capacity and in their official capacity. . . . All exhibits as stated through-out each and every claim is included with *this civil rights complaint*. (Doc. 1, p. 5; emphasis added).

In his request for relief, Plaintiff asked for restoration of 14 days good time, and for "monetary compensation for all procedural due process violations in the sum of $10,000 dollars" (Doc. 1, p. 7). Plaintiff's request for damages and his submission of this matter as a "civil rights complaint" contradicts his new assertion that he intended to seek nothing more than restoration of his good time credits.

Furthermore, the "Request for Relief" section of the pre-printed civil rights complaint form clearly warns Plaintiff as follows:

> If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

(Doc. 1, p. 7). Had Plaintiff truly intended to file this action as a habeas petition instead of a civil rights claim for damages, he should have obtained and filed the correct form. Based on the contents of the original complaint, the Court concludes that Plaintiff purposely filed this matter as a civil rights action. As Plaintiff was notified in the order at Doc. 4, he therefore incurred the obligation to pay the $350.00 fee when this action was filed.

Plaintiff's deadline of January 30, 2013, for full payment of the filing fee has now passed. Due to the pendency of the instant motion, Plaintiff is given an additional 14 days (to and including **February 26, 2013**) to pay his balance of $345.00 due in this action. If full payment is not received by this date, this action shall be dismissed. *See* FED. R. CIV. P. 41(b). No further extension shall be granted for payment of the filing fee.

Furthermore, Plaintiff is **ADVISED** that, should he wish to pursue a habeas action

seeking restoration of good conduct credits, he must file a petition pursuant to 28 U.S.C. § 2241 in the proper court, naming the proper respondent. A petition filed pursuant to § 2241 "must be filed in the district in which the petitioner is confined rather than in the one in which he was sentenced." *Morales v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007) (discussing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004)). The only proper respondent is the petitioner's current custodian. 28 U.S.C. § 2242; *Padilla*, 542 U.S. at 434-35. Because Plaintiff is no longer confined at Greenville, or indeed in Illinois, this Court is not the correct forum for his habeas action.

**IT IS SO ORDERED.**

**DATED: February 12, 2013**

s/ MICHAEL J. REAGAN
United States District Judge